UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X   DOCKET NO. __2014 CV 1499__
YEM YEM FALAFEL INC. and ADEL KASSIM,
                                  Plaintiffs,

           -against-                           **COMPLAINT**

UNITED STATES OF AMERICA,
                                Defendant
------------------------------------------------------------------X

      **THE PLAINTIFFS,** YEM YEM FALAFEL INC. and ADEL KASSIM, by their attorney**,** VICTOR J. MOLINA, as and for its Complaint herein, allege :

## SUMMARY OF CLAIMS

    1.    This action seeks a de novo judicial review challenging the disqualification from the Food Stamps Program by the United States Department of Agriculture. See Ai Hoa Supermarket, Inc. v. United States, 657 F. Supp. 1207, 1208 (S.D.N.Y. 1987); see also 7 C.F.R. § 279.7(a).

    2.    A retail food store disqualified or fined under the Food Stamp Act may bring an action for judicial review challenging the penalty by filing a complaint against the United States in federal district court. See 7 C.F.R. § 279.7(a).

    3.    The district court shall determine the validity of the penalty in a trial *de novo*. See 7 C.F.R. § 279.7(c).

## JURISDICTION AND VENUE

    4.    This action arises under 7 C.F.R. § 279.7.

    5.    This court has original jurisdiction over this action under 7 C.F.R. § 279.7(a). Venue is properly established in the Southern District of New York pursuant to 7 C.F.R. § 279.7(a) as an aggrieved party may obtain judicial review of a determination by filing a complaint against the United States in the U.S. district court for the district in which the owner resides or is engaged in business. Here, both YEM YEM FALAFEL INC. and ADEL KASSIM are residents within the jurisdiction of the U.S. Southern District of New York.

## PARTIES

6. Plaintiff YEM YEM FALAFEL INC. is a New York corporation with principal place of business 53 2nd Avenue, New York, New York 10003. Plaintiff ADEL KASSIM is an individual who does business at 53 2nd Avenue, New York, New York 10003. The United States allows suits against the United States in the U.S. district court for the district in which the owner resides or is engaged in business under 7 C.F.R. § 279.7(a).

## FACTUAL BACKGROUND

7. ADEL KASSIM is the sole officer and president of the corporation, YEM YEM FALAFEL INC. and ADEL KASSIM has been authorized by YEM YEM FALAFEL INC. to enter into this action. That as president and only corporate officer ADEL KASSIM is fully vested with the actual powers to bind the company in this action.

8. In a letter dated October 29, 2013, the United States Department of Agriculture (USDA), Food and Nutrition Service, New York Field Office, charged the Plaintiffs with Trafficking as defined in 7 C.F.R. § 271.2 of the Supplemental Nutrition Assistance Program ("SNAP") regulations and in violation of 7 C.F.R. 278.6(e)(1).

9. The majority of incidents alleged by the USDA in redacted affidavits provided constitute improper sales practices relating to SNAP coupons but do not rise to the level of trafficking under the definitions provided in the statute.

10. On November 5, 2013, Mr. Kassim promptly notified the USDA by letter that he had no knowledge of any trafficking activity at the subject business; and that the person who had been identified by the USDA investigator as having engaged in prohibited sales activities was Saif N. Ahmed, an employee who had been terminated by Mr. Ahmed for stealing from the business prior to notification of the USDA charges.

11. By letter dated November 12, 2013, the USDA notified Mr. Kassim that it had ruled the business to be guilty of the charge of trafficking, that it was not eligible for a Civil Money Penalty per § 278.6(e)(1) of the SNAP regulations, and that a penalty of permanent disqualification from the Food Stamp program would be imposed.

12. On November 12, 2013, Mr. Kassim, through counsel Harold H. Weisberg, submitted a request to the Administrative Review Branch For a reconsideration of the

penalty, noting Mr. Hassim's long history and clean record in the SNAP program and that the alleged violations, if they occurred, were the unauthorized acts of a rogue employee.

13. By letter dated November 25, 2013, the USDA acknowledged receipt of the request for review and requested submission of any additional documentation.

14. On December 23, 2013, the plaintiffs provided additional material and documentation to the USDA in the form of affidavits from a manager of the premises store, MOHSIN A. NAGI and an employee MAEN KASSIM, detailing the establishment's long-standing policy of assuring compliance with the SNAP regulations.

15. On January 23, 2014, the USDA wrote a Final Agency Decision imposing permanent disqualification.

16. The Final Agency decision was mailed on or about February 3, 2014 and delivered to plaintiffs' counsel after the close of business on February 4, 2014.

17. ADEL KASSIM and YEM YEM FALAFEL INC. have exhausted their administrative appeals and Plaintiffs. now seek a de novo judicial review challenging the disqualification from the Food Stamps Program by the United States Department of Agriculture.

18. The complaint must be filed within 30 days after the date of delivery or service upon the firm of the notice of determination of the designated reviewer in accordance 7 C.F.R. § 279.7(a).

## THE DECISION BY THE U.S.D.A WAS ARBITRARY

19. The decision rendered by the U.S.D.A. New York Field Office on October 29, 2013 and sustained by the Administrative review Branch is based on conclusions reached by the Field Office without proper investigation or due process.

20. The investigation, as described in the "Transaction Reports," was conducted by having a "confidential informant" attempt to purchase, using an EBT card furnished by a Retail Investigation Bureau (R.I.B.) Investigator, both eligible and ineligible items from defendants' store and to obtain cash.

21. The Transaction Reports provided by the U.S.D.A., are abbreviated summaries. There is no signature of an investigator and there is no statement indicating whether the

investigator actually witnessed the transactions or whether the information comes entirely from the informant. The investigator's affidavits fail to state that any ineligible transactions took place and the accompanying exhibits are ambiguous or contradictory. Also, where the accompanying tables do indicate that an ineligible transaction might have taken place, the Report list the price of the ineligible item as "NPI"—which the footnote indicates stand for "No price indicated" or price illegible. Plaintiff respectfully submits that that raised questions about the accuracy of the investigation and the report. The U.S.D.A. is the party with access to the E.B.T. records and the U.S.D.A. certainly could have provided evidence of the amount—if any—that plaintiff allegedly charged for these ineligible items. The absence of an indication of the price paid leaves it completely unclear whether the item was charged to the E.B.T. account at all.

22.     By moving against plaintiffs without providing the relevant evidence of the alleged violation, the U.S.D.A. made it impossible for plaintiffs to investigate and defend against the claim and violated plaintiff's due process rights.

*WHEREFORE*, the plaintiffs request that the Court grant the following relief:

1.  That the Court grant a de novo judicial review challenging the disqualification of Plaintiffs from the SNAP Program by the United States Department of Agriculture as under the Food Stamp Act, the validity of the administrative decision is reviewed de novo (7 C.F.R.§ 279.7(c); see also Ai Hoa Supermarket, Inc. v. United States, 657 F. Supp. 1207, 1208 (S.D.N.Y. 1987).

2.  Grant such and other relief as the Court may deem proper.

Dated: Bronx, New York
       March 4, 2014

VICTOR J. MOLINA, Esq.
VJM-1741
Attorney for Plaintiffs
930 Grand Concourse, Ste. 1A
Bronx, NY 10451
Tel.: (718) 401-1600

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X    DOCKET NO. _____
YEM YEM FALAFEL INC. and ADEL KASSIM,
                                            Plaintiffs,
                    -against-                                     VERIFICATION

UNITED STATES OF AMERICA,
                                            Defendant
-------------------------------------------------------------X

STATE OF NEW YORK    }
                     }SS:
COUNTY OF BRONX      }

ADEL KASSIM, being duly sworn, deposes and states:

1. I am the president of YEM YEM FALAFEL INC., the corporate plaintiff, and the co-plaintiff in this action.

2. I have read the within complaint prepared by my attorney and no the contents thereof.

3. The contents are true to my knowledge, except as to those matters therein stated be on information and belief, and as to those matters, I believe them to be true.

Dated: Bronx, N.Y.
       ~~February~~ , 2014
       March 4

_____
ADEL KASSIM

Subscribed and sworn to before
me on March 4, 2014

_____
**BENJAMIN SHARAV**
Notary Public, State of New York
No. 02SH6192942
Qualified in NEW YORK COUNTY
Commission Expires 9/08/2016

# UNITED STATES DISTRICT COURT
for the
## SOUTHERN DISRTICT OF NEW YORK

-------------------------------------------------------------------X
YEM YEM FALAFEL INC. and ADEL KASSIM,

                                Plaintiffs,

           -against-

                                          Civil Action No.:  2014 CV 1499

UNITED STATES OF AMERICA,

                                Defendant
-------------------------------------------------------------------X

## COMPLAINT

VICTOR J. MOLINA, Esq.
VJM-1741
Attorney for Plaintiffs
930 Grand Concourse, Ste. 1A
Bronx, NY 10451
Tel.: (718) 401-1600

To:   United States Department of Agriculture
       Food and Nutrition Service
       Administrative Review Branch
       3101 Park Center Drive. Room 432
       Alexandria, VA 22302
       3101 Park Center Drive. Room 432
       Alexandria, VA 22302

       United States Department of Agriculture
       Food and Nutrition Service
       New York Field Office
       201 Varick Street, Rm. 609
       New York. NY 10014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X   DOCKET NO. _____
YEM YEM FALAFEL INC. and ADEL KASSIM,
                              Plaintiffs,
    -against-

UNITED STATES OF AMERICA,     **Rule 7.1 Statement**
                              Defendant
---------------------------------------------------------------X

       Pursuant to Federal Rule of Civil Procedure 7.1 [formerly Local General Rule 1.9] and to enable District Judges and Magistrate Judges of the Court to evaluate possible disqualification or recusal, the undersigned counsel for YEM YEM FALAFEL INC. certifies that the following are corporate parents, affiliates and/or subsidiaries of said party, which are publicly held:

       None.

Dated: Bronx, N.Y.
       March 4, 2014

                                                     _____
                                                     VICTOR J. MOLINA, Esq.
                                                     VJM-1741
                                                     Attorney for Plaintiffs
                                                     930 Grand Concourse, Ste. 1A
                                                     Bronx, NY 10451
                                                     Tel.: (718) 401-1600